UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMIE CARSON, SR.,

    Plaintiff,

v.                                                  CAUSE NO. 3:20-CV-132-DRL-MGG

SARA McCORMICK,

    Defendant.

OPINION & ORDER

Jamie Carson, Sr., a prisoner without a lawyer, filed a complaint. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Still, under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. To state a 42 U.S.C. § 1983 claim, "a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Carson alleges that, on November 6, 2019, Caseworker McCormick falsely accused him of throwing a food tray at her in a conduct report. As a result, he was sent to a segregation unit until November 18 where he had limited access to showers, hygiene products, and other amenities. The disciplinary officer dismissed the conduct report after reviewing a video surveillance recording and determining that the allegations were false.

Mr. Carson asserts a claim of malicious prosecution against Caseworker McCormick. A claim of malicious prosecution may be brought under federal law, but this is rarely appropriate because "individuals do not have a federal right not to be summoned into court and prosecuted without

probable cause, under either the Fourth Amendment or the Fourteenth Amendment's Procedural Due Process Clause." *Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011). "[T]o state a viable malicious prosecution claim under § 1983, a plaintiff must allege a violation of a particular constitutional right, such as the right to be free from unlawful seizures under the Fourth Amendment, or the right to a fair trial under the Due Process Clause." *Welton v. Anderson*, 770 F.3d 670, 673 (7th Cir. 2014).

Mr. Carson may be alleging that the false accusation violated his right to fair disciplinary proceedings. For such proceedings, prisoners are entitled to procedural safeguards under the Fourteenth Amendment, including advance notice of the charges, a written decision supported by some evidence, an impartial decisionmaker, and the ability to present evidence. "[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where [these] procedural due process protections . . . are provided." *Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir. 1984). Because Mr. Carson does not allege that he was deprived of procedural safeguards in connection with his disciplinary proceedings, he cannot proceed under the Fourteenth Amendment.

Mr. Carson may also be alleging that the false accusation resulted in unconstitutional conditions of confinement. Inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). In evaluating an Eighth Amendment conditions of confinement claim, the court conducts both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For the objective inquiry, courts ask whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.*

For the subjective inquiry, the court asks whether the prison official acted with deliberate indifference. *Id.* Deliberate indifference is a high standard, and is "something approaching a total unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Mr. Carson asserts that Caseworker McCormick caused him to be subjected to the conditions of segregation. While the factual allegations support this particular assertion, they do not suggest that Caseworker McCormick knew of the conditions in segregation or that she had any opportunity to address them, or that the limitations were of constitutional moment. Because the complaint does not suggest that Caseworker McCormick acted with deliberate indifference with respect to the conditions of segregation, Mr. Carson may not proceed against her on an Eighth Amendment claim. Moreover, the complaint contains insufficient factual allegations to suggest that Caseworker McCormick committed any other constitutional violation. *See, e.g., Lisle v. Welborn*, 933 F.3d 705, 718 (7th Cir. 2019); *Beal v. Foster*, 803 F.3d 356, 357-58 (7th Cir. 2015).

Though the complaint does not state a viable claim, the court will give Mr. Carson the opportunity to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should use the court's approved form and must put the case number of this case on it, which is on the first page of this order. However, Mr. Carson should only file an amended complaint if he believes he can address the deficiencies set forth in this order.

For these reasons, the court:

(1) GRANTS Jamie Carson, Sr., until May 6, 2020 to file an amended complaint; and

3

(2) CAUTIONS Jamie Carson, Sr., that, if he does not respond by that deadline this case will be dismissed without further notice.

SO ORDERED.

April 7, 2020

*s/ Damon R. Leichty*
Judge, United States District Court