UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMIE CARSON, SR., <br><br> Plaintiff, <br><br> v. <br><br> SARA McCORMICK, <br><br> Defendant. | CAUSE NO. 3:20-CV-132-DRL-MGG |

OPINION & ORDER

Jamie Carson, Sr., a prisoner without a lawyer, filed an amended complaint under 42 US.C. § 1983. Under 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court remains ever mindful that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

Mr. Carson claims that on November 7, 2019, Caseworker Sara McCormick wrote a conduct report falsely accusing him of throwing a food tray at her. As a result, he was sent to the segregation unit, where he claims he was denied a toothbrush, hand soap, bed linens, deodorant, recreation, and was only given one shower. He further claims that the cell was filthy and "freezing cold." After eleven days, a hearing was held on the charge, and a disciplinary hearing officer found Mr. Carson not guilty after reviewing the surveillance video.

According to documents attached to the complaint, Caseworker McCormick claimed that on the date in question, she was doing her rounds when she stopped to speak with Mr. Carson about a visit request he had made. ECF 8-1 at 3. She stated that he "became aggressively angry" with her response and yelled, "[B]itch, you don't know who you're messing with!" She continued walking, but heard Mr. Carson yell, "You will be sorry the next time you walk past this cell." As she stopped to speak with the inmate in the next cell, she "saw the food tray from Offender Carson's cell being

projected out of his food slot[.]" *Id.* She perceived that the tray had been thrown at her, though the hearing officer's subsequent review of the surveillance video did not support the charge that Mr. Carson had actually thrown the tray. ECF 8-1 at 21. Based on these events, Mr. Carson sues Caseworker McCormick for monetary damages.

Mr. Carson appears to be trying to assert a claim of "malicious prosecution" against Caseworker McCormick. Such a claim is not cognizable in this context. "[P]risoners are entitled to be free from arbitrary actions of prison officials, but . . . even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999); *see also Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir. 1984) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where procedural due process protections . . . are provided."). Here, Mr. Carson does not allege, nor is there any plausible basis to infer, that he was denied due process in connection with the disciplinary hearing.[1] Indeed, the hearing officer reviewed the surveillance video and found him not guilty. Because Mr. Carson does not allege that he was deprived of procedural safeguards in connection with the disciplinary proceedings, he cannot proceed on a claim under the Fourteenth Amendment.

Mr. Carson may also be claiming that Caseworker McCormick violated his Eighth Amendment rights due to the conditions under which he was housed in the segregation unit. Under the Eighth Amendment, inmates are entitled to be provided with adequate clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). In evaluating an Eighth Amendment conditions-of-confinement claim, the

---

[1] The court doubts whether eleven days in the segregation unit, even under harsh conditions, constituted the type of "atypical and significant hardship" that would give rise to a due process liberty interest. *See Lisle v. Welborn*, 933 F.3d 705, 721 (7th Cir. 2019); *Marion v. Columbia Correction Inst.*, 559 F.3d 693, 698 (7th Cir. 2009). Because Mr. Carson's claim fails for other reasons, there is no reason to analyze this issue further.

court conducts both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For the objective inquiry, courts ask whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* For the subjective inquiry, the court asks whether the prison official acted with deliberate indifference. *Id.* Deliberate indifference is a high standard, and requires that "the prison official must have known of and disregarded an excessive risk to the inmate's health or safety." *Balsewicz v. Pawlyk*, — F.3d—, 2020 WL 3481688, at *3 (7th Cir. June 26, 2020) (citing *Farmer*, 511 U.S. at 837-38). "Specifically, the official must have been aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must have drawn that inference." *Id.* (citation, internal quotation marks, and alterations omitted).

Even if the court were to presume that Mr. Carson meets the objective prong, there is nothing in the complaint from which it can be plausibly inferred that Caseworker McCormick was present in the segregation unit during the time he was housed there, that she was aware of the conditions under which he was being housed, or that she was otherwise responsible for remedying them. Mr. Carson suggests that she should be held responsible because she knew he would be sent to the segregation unit as a result of her conduct report. Even accepting this allegation as true, there is no factual content from which it can be plausibly inferred that Caseworker McCormick somehow knew Mr. Carson would be denied the minimal civilized measures of life's necessities while housed in the segregation unit. There is no *respondeat superior* liability under § 1983, and Caseworker McCormick cannot be held liable for failings by officers in the segregation unit or others responsible for ensuring proper conditions there. *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009). Because the complaint does not provide a plausible basis to infer deliberate indifference by Caseworker McCormick, Mr. Carson may not proceed on an Eighth Amendment claim against her.

Ordinarily, the court should afford a *pro se* litigant an opportunity to cure his defective pleadings. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). However, the court is not required to grant leave to amend where such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). The present complaint represents Mr. Carson's second attempt to state his claims, and the court previously pointed out the problems with his original complaint in a detailed screening order. ECF 6. The amended complaint suffers from the same basic deficiencies as the original. Under these circumstances, the court finds no basis to conclude that, if given another opportunity, Mr. Carson could state a viable claim, consistent with the allegations he has already made.

For these reasons, the court:

(1) DISMISSES this case pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim;

(2) DIRECTS the clerk to close this case.

SO ORDERED.

July 6, 2020                                                *s/ Damon R. Leichty*
                                                            Judge, United States District Court